[Department Two.—May 4, 1883.]

IN THE MATTER OF THE ESTATE OF A. E. ROSE, DECEASED, CERTAIN MINOR HEIRS AND THEIR GUARDIAN, APPELLANTS, AND H. HIRSHFELD, ADMINISTRATOR, RESPONDENT.

ORDER—APPEAL—COMPUTATION OF TIME.—Where the last day of the period allowed to appeal from an order is a non-judicial day, an appeal taken on the next day is in time.

PROBATE PROCEEDINGS—SALE OF REAL ESTATE.—A decree in probate directing the sale of real estate held to be invalid by reason of defects in the petition and

proceedings with reference to various matters required by the Code, and particularly as to the necessity for the sale, such necessity not appearing from any facts set forth in the petition or stated in the decree.

APPEAL from an order of the Superior Court of the county of Kern confirming a sale of real estate.

The decree directing the sale was not appealed from, but treated as void. The additional facts sufficiently appear in the opinion of the court.

*George V. Smith*, and *Stetson & Houghton*, for Appellants.

*R. E. Arick*, for Respondent.

MYRICK, J.—This is an appeal from an order confirming the sale of property sold as real estate, and directing a conveyance to be made.

The appeal was in time. The sixtieth day fell on Monday, January 2, 1882. The 1st day of January, 1882, being Sunday, the ensuing Monday was a non-judicial day (§ 11, Code Civ. Proc.), and the notice given on Tuesday, January 3d, was in time. (§ 12.) The motion to dismiss is therefore denied.

The petition for the sale of the property is fatally defective. Section 1537 of the Code of Civil Procedure requires that the petition set forth the amount of personal estate that has come to the hands of the administrator, and how much, if any, remains undisposed of; the debts outstanding so far as can be ascertained or estimated; the amount due on the family allowance, or that will be due for one year; the debts, expenses, and charges of administration already accrued, and an estimate of what will accrue; a general description of the real property of the deceased or in which he had any interest, and the condition and value thereof, with other matters stated in the section. In endeavoring to be conformed to the above requirements, the petition described the personal property which had come to the hands of the administrator, and stated that it had been appraised at four thousand five hundred and eleven dollars. The petition then stated " that a portion of said property has been sold by a former order of this court, and your petitioner has realized therefrom the sum of three thousand dollars, and the balance

remains to be disposed of." What property remains to be disposed of?

In regard to the debts, the petition stated: "That the debts outstanding against the said deceased, as far as can be ascertained or estimated, amount to this day to the sum of five thousand dollars, and are fully set forth in the schedule marked A, heretofore annexed and made a part of this petition." No schedule A is annexed to the petition, nor any schedule of debts outstanding. The petition stated: "That the amount due on the family allowance is the sum of $——; that the amount that will be due on said family allowance, after the same shall have been in force one year, is the sum of $——."

The petition also stated that the debts, expenses, and charges of the administration already accrued amount to two hundred and fifty dollars, "and are fully set forth in the schedule marked B, hereunto annexed and made a part of this petition"; and that the debts, expenses, and charges of administration that will accrue are estimated at five hundred dollars, "and are set forth in the schedule marked C hereunto annexed and made part of this petition." There is no schedule B or schedule C annexed to or accompanying the petition, nor any statement, except as above, of the debts, expenses, or charges of administration, accrued, or to accrue. There is no attempt at a statement of the condition of the property of the estate; nor of the value of the property asked to be sold, except the statement that it is of uncertain value on account of litigation with reference thereto.

The section of the Code above referred to provides if any of the matters therein enumerated cannot be ascertained, it must be so stated in the petition; but a failure to set forth the facts showing the sale to be necessary will not invalidate the subsequent proceedings if the defect be supplied by the proofs at the hearing, and the general facts showing such necessity be stated in the decree. The petition did not state that such matters required by the section as were omitted could not be ascertained, nor does it appear, directly or indirectly, that the defects were supplied by proofs at the hearing, nor does the decree authorizing the sale state any general or other facts showing a necessity for a sale. It is true, the order of sale states that it having appeared to the court *by the petition* that it was necessary to sell .

real estate, thereupon an order to show cause was made; but the order does not state that *on the hearing* a sale appeared to be necessary. The only statement in that regard is, it "appearing to the court that it would be for the benefit of the estate to sell the said real estate at private sale." These words express a choice as between a public and a private sale; but do not express a necessity for a sale. An attempted sale, based upon such a petition and order, would convey no title.

Order reversed.

THORNTON, J., and SHARPSTEIN, J., concurred.