66  365
80  174

[No. 9,033.  In Bank.—January 19, 1885.]

## E. J. RICHARDS, ADMINISTRATOR OF THE ESTATE OF ELIJAH RICHARDS, DECEASED, APPELLANT, v. H. G. WETMORE ET AL., RESPONDENTS.

EJECTMENT—HOMESTEAD—SUPERIOR COURT—JURISDICTION.—In an action of ejectment, brought by an administrator, the Superior Court has no power to set aside the land sought to be recovered as a homestead for the benefit of minor heirs of the intestate. This can only be done by the Superior Court sitting as a court of probate.

APPEAL from a judgment of the Superior Court of the county of Tuolumne.

The facts appear in the opinion of the court.

*Caleb Dorsey*, for Appellant.

*E. A. Rogers*, for Respondents.

MYRICK, J.—Ejectment by an administrator. The defendant, E. C. Wetmore, was the widow of deceased. Since the

death of deceased, she intermarried with her co-defendant. The court adjudged that the property was not subject to administration, and that the administrator was not entitled to the possession thereof, because the deceased left minor children who were entitled to have the premises set apart as a homestead; and the court made an order setting apart the said premises as a homestead for the use of said minor children. This was error. It is not for a court of law, in an action of ejectment, to set apart premises as a homestead; that function appertains to a court sitting in probate in the matter of the estate of the deceased. The Superior Court, sitting in the case of *Richards* v. *Wetmore*, Ejectment, could not assume the functions of the Superior Court sitting in the matter of the *Estate of Richards, Deceased*, even though both may be in the same county, with the same judge presiding. We are not considering the effect of the will of deceased upon the right of the defendant E. C. Wetmore to the possession of the premises, nor the right of those of the children of the deceased, who are minors, to apply to the Superior Court sitting in probate to have the premises set apart as a homestead. Judgment reversed, and cause remanded for further proceedings.

SHARPSTEIN, J., ROSS, J., McKINSTRY, J., MORRISON, C. J., and McKEE, J., concurred.