[Civ. No. 13842. Second Dist., Div. Two. Nov. 27, 1942.]

DAISY GRANDE, Respondent, v. JAMES DONOVAN et al., Appellants.

James Donovan and Henry Ramey, Jr., in pro per., and L. E. Dadmun for Appellants.

Vernon Bettin and Russell Scott for Respondent.

McCOMB, J.—Respondent moves to dismiss this appeal upon the ground that it was not taken within the time prescribed by section 939 of the Code of Civil Procedure and therefore that this court is without jurisdiction to entertain the same.

It is conceded that June 2, 1942, the clerk of the trial court made an entry in his "rough minutes," granting respondent's motion to terminate the proceedings then pending before said court for the purpose of procuring a transcript for use upon appeal; likewise that such order was not entered in the regular minutes of said court until June 3, 1942; also that August 2, 1942, fell on Sunday. The notice of appeal in the present case from the aforementioned order was filed August 3, 1942.

This is the sole question necessary for us to determine:

*Was appellant's notice of appeal filed within the time prescribed by section 939 of the Code of Civil Procedure, to wit, within sixty days from the entry of the order in the trial court terminating the proceedings for the preparation of the transcript to be used on appeal?*

This question must be answered in the affirmative and is governed by the following principles of law:

█ (1) The time for filing a notice of appeal runs from the actual entry of the order from which an appeal is taken in the *regular minutes* of the court and not from the entry in the "rough minutes" of the clerk. (*Berman* v. *Blankenship Motors,* 140 Cal.App. 134, 135 [34 P.2d 1035]; see, also, 2 Cal.Jur. (1921) 396, § 166.)

█ (2) The time within which an action provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, in which event it is also excluded. (§ 12, Code Civ. Proc.; *Adolph Ramish, Inc.,* v. *Behr,* 40 Cal.App.2d 54, 55 [104 P.2d 410].)

(3) Where the last day of the period within which an appeal from an order is permitted is Sunday, a non-judicial day, an appeal filed on the following day, Monday, is in time. (*Estate of Rose,* 63 Cal. 346, 347; *Hoover* v. *Sweitzer,* 34 Cal.App.2d 441 [93 P.2d 831].)

█ Applying the foregoing rules to the facts of the instant case, appellant pursuant to the provisions of section 939 of the Code of Civil Procedure had sixty days from the entry of the order in the trial court within which to appeal from the same. The sixty-day period commenced to run on June 3, the date the order was entered in the regular minutes of

the court. ▮ The sixtieth day thus fell on August 2, 1942, which was Sunday, and, therefore, under the second rule above stated should be excluded in computing the time within which appellant was permitted to appeal, and the notice of appeal, having been filed on the following day, Monday, August 3, 1942, was filed within time.

For the foregoing reasons the motion to dismiss the appeal is denied.

Moore, P. J., and Wood (W. J.), J., concurred.