[Civ. Nos. 14991, 15019.  Second Dist., Div. Three.  Feb. 27, 1946.]

JEANETTE GLESBY, Plaintiff, v. DAVID GLESBY, Defendant and Appellant; HARRY G. SADICOFF, Claimant and Appellant.

302

Roth, Brannen & Schwab for Defendant and Appellant.

Harry G. Sadicoff in pro. per. for Claimant and Appellant.

DESMOND, P. J.—There are two appeals pending in this matter. One was taken by defendant David Glesby from an order for attorney's fees in favor of Harry G. Sadicoff, who filed this divorce action in behalf of Mrs. Glesby; the other was taken by Mr. Sadicoff, hereinafter called the attorney, from an order of the trial court modifying the award of fees by reducing it. We shall consider first this latter appeal, numbered 15019.

A few days after the divorce action was filed the attorney secured an order from the court, Honorable Stanley Mosk, which, in the minute order of October 11th, reads as follows: ". . . Custody of the minor children is awarded to the plaintiff, and defendant may visit the children at all reasonable times. Defendant is ordered to pay the sum of $105.00 per week for the support of plaintiff and the minor children, payable on Saturday of each week, begining October 14, 1944. In addition, defendant is ordered to maintain the taxes, insurance and necessary repairs on the community home. By stipulation, the balance of attorney fees may be fixed at time of trial. Defendant is ordered to pay the sum of $5,000.00 attorney fees and $250.00 court costs, payable $2,500.00 forthwith and $2,500.00 within sixty days, direct to counsel for the plaintiff." This minute order was entered on October 16, 1944. Meantime, on October 13th, the attorney secured

and filed a formal order signed by Judge Mosk incorporating the terms of the minute order. A few days later he obtained a writ of execution for the sum of $2,500 on account of the $5,000 order for attorney's fees. The writ was not served however, Mr. Glesby's check in the sum of $2,500 reaching the attorney in the following morning's mail. For this the attorney filed, on November 7th, a "partial satisfaction of said order for attorney's fees." At just about this time efforts looking toward reconciliation between Mr. and Mrs. Glesby were successful and, on November 15th, Mrs. Glesby wrote the attorney, instructing him "to stop all divorce proceedings against my husband." On November 17th, Mr. Glesby filed his notice of appeal from the order requiring him to pay the sum of $5,000 as an attorney's fee and on the following day filed an amended notice of appeal from that order. On Saturday, December 9th, 1944, the court, upon application of counsel for Mr. Glesby, issued an order to show cause directed to Mrs. Glesby and said attorney requiring them to show cause why the order for $5,000 attorney's fee should not be modified. This order was made returnable two days later and on Monday, December 11th, before any hearing was held thereon, counsel for David Glesby filed an abandonment of the appeal which had been taken on November 16th, and filed the following day, from that portion of the order made by the court awarding to the wife's attorney the sum of $5,000 as fees. The abandonment also included the appeal which had been designated as "Amended Notice of Appeal" filed November 18, 1944. After the filing of this abandonment, Judge Mosk proceeded with the hearing upon the order to show cause, in which the attorney participated actively, was sworn and testified. At the close of the hearing the court made the following statement:

"First let me say I am convinced Mr. Sadicoff has ably and conscientiously represented the plaintiff, and I do not think there is any imputation that he has not faithfully discharged his duties to the plaintiff.

"However, I cannot help but feel that the reasonable value of the services rendered to date does not exceed the amount paid by the defendant, and from the testimony there seems to be no likelihood of additional services. On the other hand, if there are additional services there is no reason why the plaintiff cannot come into court for other counsel fees and make a demand for additional attorney fees.

"Previous order of the Court is modified to provide that attorney fees shall be in the amount of $2,500, which amount counsel has indicated has already been paid, and costs in the amount of $24.55, in lieu of the previous order of $250 costs."

The attorney contends, first, that the court was without authority to modify the original order for fees, an appeal from that order having been taken, which appeal was pending on December 9th, the day upon which the order to show cause re modification was issued. He argues that since the appeal had not been abandoned when the order to show cause was issued, the superior court had no jurisdiction to issue it, and since that order was invalid the court had no jurisdiction to hold the hearing on December 11th, after the appeal had been abandoned, or to make the order of modification at the conclusion of the hearing. The attorney's second contention is that an order for attorney's fee in a divorce action is a final judgment and cannot be modified except by motion under section 473, Code of Civil Procedure, or by a motion for a new trial or by an appeal. A third contention is that an order for attorney's fee in a divorce action cannot be modified because of a change in circumstances occurring after the order has been made.

In support of his first contention the attorney cites *In Re Shafter-Wasco Irrigation District* (1942), 55 Cal.App. 2d 484 [130 P.2d 755], where the court said (p. 486): "When the notice of appeal is properly filed it has the effect of removing the cause from the jurisdiction of the trial court." He also calls attention to the case of *Vosburg v. Vosburg* (1902), 137 Cal. 493 [70 P. 473], cited with approval in *Browne v. Browne* (1943), 60 Cal.App.2d 637 [141 P.2d 428], where the court said (p. 494): "The contention which must be sustained is, that while the appeal was pending from the original judgment [re custody of children] the court had no jurisdiction to modify or change it." If, however, the court had jurisdiction by reason of the abandonment, these authorities cited by the attorney are not in point. Section 954a of the Code of Civil Procedure, in effect on December 11, 1944, provided that "At any time before the filing of the record or transcript in the court to which the appeal has been taken, an appellant may abandon the appeal by filing in the office of the clerk of the trial court a written abandonment thereof; and the parties may effect a withdrawal of the appeal by filing in said office the stipulation of their counsel therefor. Upon filing

of either such document, the jurisdiction of the trial court over the subject matter of the judgment or order designated in the notice of appeal, will be completely restored. . . .'' It is our opinion that appellant waived any objection he might have had to the validity of the show cause order when he appeared at the hearing of December 11th and participated therein on the merits. The court stated in *People* v. *Macken* (1939), 32 Cal.App.2d 31, at page 38 [89 P.2d 173]: ''Appellant appeared in response to the order of the court and participated in a trial on the merits of that proceeding. Conceding that the requirement of service of points and authorities under section 527 of the Code of Civil Procedure is mandatory, nevertheless, the conduct of appellant in appearing at the hearing and participating therein was a waiver of the statutory requirement therein and gave the court jurisdiction. Anyone may waive the advantage of a law intended solely for his benefit. (Civ. Code, §§ 3515, 3516.) As was said in *Walberg* v. *Underwood*, 39 Cal.App. 748, 751, 752 [180 P. 55], 'Where the object of a notice was accomplished, it is immaterial whether there was notice or not. When both parties appear, no notice whatever is necessary to be shown'.'' See, also, *Simmons* v. *Simmons* (1941), 45 Cal.App.2d 695 [114 P.2d 659]; *Remsberg* v. *Hackney Manufacturing Co.* (1917), 174 Cal. 799, 800 [164 P. 792]; and *Olcese* v. *Justice's Court* (1909), 156 Cal. 82 [103 P. 317]. In the latter case (p. 87) reference is made to the ''well-settled rule that if a defendant wishes to insist upon the objection that he is not in court for want of jurisdiction over his person, he must specially appear for that purpose only, and must keep out for all purposes except to make that objection.'' In the present case no special appearance was made nor was any objection interposed to the hearing at the morning session thereof. At the opening of the afternoon session the attorney made the following statement: ''I object to any further proceedings in this matter upon the ground that the Court has no jurisdiction in the same. It appears that we are here in response to an order to show cause issued by this Court on Saturday, December 9, 1944.'' It does not appear that the court ruled directly upon the objection, but the fact that the hearing then continued and was concluded, with the attorney still participating, may be taken to indicate that the trial judge believed that the objection came too late, as indeed it did, the major portion of the testimony having already been presented.

■ Answering appellant's second contention, respondent says in his brief: "Respondent has never contended that an order for alimony *pendente lite* or attorney's fees in a divorce action does not become a final judgment or order. The question involved in the case at bar is whether the trial court may modify such an order before the statutory time for appealing therefrom has expired, that is, before the same becomes final." He then relies upon language in *St. Laurent* v. *St. Laurent* (1939), 35 Cal.App.2d 345 [95 P.2d 475], a case cited by appellant, to point out that modification can be made before the order appealed from becomes final upon the lapse of sixty days. That language is as follows (p. 346): "*Since the motion*, upon which the order now under consideration was based, *was not made until more than sixty days had elapsed*, the order of May 31, 1938, was final and the trial court was without jurisdiction to modify its prior order in respect to costs, attorney's fees, and accrued alimony, except upon proper showing pursuant to the requirements of section 473 of the Code of Civil Procedure." (Italics ours.) He then proceeds to show that the December 11th order of modification in the instant case was made within sixty days after the order for fees was entered on October 16th and also within sixty days after the court signed the formal order on October 13th, by which, incidentally, the court had ordered the second payment of fees to be made "within sixty days." Having in mind the fact that the trial court on October 11th orally made the order for fees, it is interesting to note that the sixtieth day thereafter fell on Sunday, December 10th. Under the rule stated in *Grande* v. *Donovan* (1942), 55 Cal.App.2d 694, 695 [131 P.2d 855], "Where the last day of the period within which an appeal from an order is permitted is Sunday, a non-judicial day, an appeal filed on the following day, Monday, is in time. [Citing cases.]" From this, it appears in the present case that even though the time be reckoned from October 11th, the date the oral order was made, that order could not become final prior to December 12th. However, in *Grande* v. *Donovan, supra*, the statement is made (p. 695) that "The time for filing a notice of appeal runs from the actual entry of the order from which an appeal is taken in the *regular minutes* of the court. . . ." From all of the foregoing it is clear that the order for fees was modified before the time when the original order would have become final.

■ The third and last contention of the appellant,—that

a modification of an order for attorney's fees cannot be validly based upon a change of circumstances, seems to be adequately disposed of by the short opinion in *Nightingale* v. *Superior Court* (1920), 184 Cal. 583 [194 P. 1002], where an application for a writ of certiorari to review an order modifying an order concerning counsel fees in a divorce action was denied. There the court said: ''We entertain no doubt of the power of the court in divorce actions to modify its orders for the payment to the wife of money necessary to enable her to support herself during the pendency of the action, or to enable her to prosecute or defend the action, as the circumstances with regard to necessity change. As to orders for the payment of money for support there has never been any question in this behalf, and there is no difference in principle with relation to money to be paid to her for the purpose of enabling her to pay attorneys.'' It is clear to us that the trial court had power to make the modifying order, and that due to the change of circumstances it was appropriate and reasonable. The order from which the attorney appealed is affirmed.

As to the other appeal, numbered 14991, taken by Mr. Glesby from the original order awarding attorney's fees, there is this to be said: that within sixty days after it was taken it was abandoned and the modification ordered. This order, of course, was satisfactory to Mr. Glesby but subsequent to the hearing and still within sixty days he filed a new notice of appeal from that original order as a measure of caution and prudence, according to his counsel. By virtue of our decision affirming the order of modification, matters discussed in the appeal claimed by Mr. Glesby have become moot and that appeal, therefore, is ordered dismissed.

Shinn, J., and Wood, J., concurred.