[No. 8849.    Department Two. — June 29, 1885.]

CATHERINE   REYNOLDS,   RESPONDENT,   v.   JOHN
            REYNOLDS,  APPELLANT.

DIVORCE—CONDONATION—DISMISSAL OF ACTION—PAYMENT OF WIFE'S COUNSEL
    FEES.—If, pending an action for divorce, the parties thereto admit a condona-
    tion, and ask that the action be dismissed, the court should order a dismissal,
    and thereafter the husband cannot be compelled to pay the counsel fees of the
    wife.
APPEAL—MODIFICATION OF JUDGMENT BY TRIAL COURT—BILL OF EXCEPTIONS.—
    After a case has been appealed, the trial court has no power to so change the
    judgment appealed from as in effect to prevent the review of alleged errors
    brought up by a bill of exceptions.

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco.

The facts appear in the opinion of the court.

*Langhorne & Miller*, for Appellant.

The allowance of counsel fees for the wife was erroneous
because the application therefor was made too late.  (*Persons* v.
*Persons*, 7 Humph. 183; *Tiffin* v. *Tiffin*, 2 Binn. 202; *Wallings-
ford* v. *Wallingsford*, 6 Har. & J. 485; *Lockridge* v. *Lockridge*,
3 Dana, 28; *Newman* v. *Newman*, 69 Ill. 169; *McCulloch* v.
*Murphy*, 45 Ill. 258.)

*J. D. Sullivan*, and *D. H. Whittemore*, for Respondent.

MYRICK, J.—Appeal from that portion of a judgment in a
divorce suit which adjudges the payment of counsel fees.   The
amended pleadings were in and issues joined October 18, 1882.
On the 11th of November, 1882, an order was filed which
directed the defendant to show cause on the 13th of the same
month why he should not pay to the attorneys for the plaintiff
$2,000 as counsel fees.   On the said 11th of November both
the parties (husband and wife) signed a paper reading thus:
" We, the parties to the above entitled action, having condoned
each other's offenses, voluntarily abandon said action, and ask
that the same be dismissed."   At the hearing on the 13th of
November, after affidavits on behalf of plaintiff's attorneys had
been read, the paper above referred to was read together with

the affidavit of plaintiff, in which she stated that in October, 1882, she and her husband mutually condoned with each other's alleged offenses, and ever since October 23d had been living and cohabiting together peaceably, quietly, and happily as man and wife, and intended to so continue for the remainder of their natural lives, and that she then and there, during trial and before final submission, abandoned the case and asked that the same be dismissed.    Thereupon the court, on the 15th of December, 1882, made an order awarding to said Sullivan and Whittemore $1,000 as counsel fees; and on the 9th of January, 1883, the court rendered its judgment in which, after adjudging that plaintiff had condoned and forgiven the alleged offenses of defendant, and abandoned the case, adjudged and decreed that the defendant pay to the plaintiff's attorneys, J. D. Sullivan and D. H. Whittemore, $1,000 counsel fees, and that the action be dismissed.

That part of the decree which directed the payment of counsel fees was erroneous.    On the 23d of October the alleged offenses of defendant were condoned; and both parties asked that the action be dismissed; therefore so long as the condition which the law implies, viz., subsequent kindness, continued, the plaintiff had no cause of action, or occasion for the service of counsel in that regard.    When the husband and wife forgave and were forgiven, and abandoned their criminations and recriminations, the attorneys had but to gather up their briefs and retire.    The court should at once have dismissed the case and made no further order in it.    (*McCulloch* v. *Murphy*, 45 Ill. 258; *Newman* v. *Newman*, 69 Ill. 169; *Persons* v. *Persons*, 7 Humph. 183.)

Section 137 of the Civil Code authorizes the court to require during the pendency of the action, the payment by the husband of any money necessary for the prosecution of the action.    When the wife (plaintiff) in open court admits condonation and asks that the action be dismissed, as she no longer has an action to be prosecuted, it is not necessary that any money be paid for its prosecution.

As the above disposes of the case, we omit to express opinion on two other points presented, viz.: The effect, on the right to have counsel fees allowed, of an agreement between plaintiff and her attorney that the latter have as compensation for his services

a share of the property ultimately recovered, and whether the order should have been that the amount be paid to the plaintiff in person rather than to the attorneys.

There is on file in this case a certified copy of a paper filed after the case was heard in this court, purporting to be an order of the court below, from which it appears that after the appeal was taken, the court below, in making such order, recited that the judgment from which the appeal was taken did not speak the truth, and corrected the judgment. In the judgment as thus attempted to be corrected, nothing appears regarding the payment of counsel fees, the portion of the judgment relating to counsel fees being omitted. In deciding this case we disregard this paper. A bill of exceptions comes up with the record, presenting some of the matters hereinbefore stated. If we were to consider the judgment as attempted to be amended, the appellant would be prevented from having the benefit of his exceptions. After a case has been appealed, we do not think the court below has power to so change the judgment appealed from as in effect to prevent the review of alleged errors brought up by bill of exceptions.

The judgment so far as appealed from is reversed.

ROSS, J., and THORNTON, J., concurred.

Hearing in Bank denied.