Hoffman (Chas. W.), J.
On October 1, 1917, the plaintiff in this cause filed a petition against the defendant praying for alimony and the subjection of certain property mentioned in the petition to the payment of whatever alimony might be allowed. An injunction was issued restraining the defendant from disposing of his property. Service on the defendant was by publication. No motion for alimony pendente lite or for expenses of the suit was filed by the plaintiff.
On November. 14th the attorneys of record for the plaintiff filed the following motion for allowance of counsel fees:
“Now comes L. C. Black and James B. Swing, attorneys of record for Madge May Stewart, plaintiff in this cause, and represent to the court that the said plaintiff and the- defendant, Wood-ford T. Stewart, have agreed upon a settlement of the matters herein involved in this suit, between themselves, which settlement was made without the knowledge of said counsel for said plaintiff; and said counsel move the court for an order allowing them a reasonable sum to be paid by said defendant, Woodford T. Stewart, as compensation to them for their necessary and proper legal services to be paid in this cause, and that the same *274 be made a charge upon the real and personal property of the said defendant, Woodford T. Stewart, in the petition in this cause mentioned and described. And said counsel further move the court for an order allowing to them to be paid by the said defendant, the necessary expenditures made by them as attorneys for plaintiff in this cause, amounting to $61.57, and that the said expenditures of money be also made a charge upon the real and personal property in the petition mentioned and described. And said counsel ask that this cause be not dismissed until such reasonable attorney’s fees and expenditures have been determined and ordered to be paid by the said defendant and have been in fact paid by him.”
On November 15th the following motion was filed by the defendant :
“Now comes Woodford T. Stewart and moves the court to dismiss this case, he to pay clerk and sheriff’s fees and any other court costs heretofore incurred .herein, said case having been settled out of court by the plaintiff and said Woodford T. Stewart.”
These motions coming on for hearing the defendant in support of the motion to dismiss the action filed an affidavit of B. E. Eaton, to which affidavit was attached the agreement that the plaintiff and defendant had made in settlement of their differences. At the same time the defendant filed an order of the plaintiff to dismiss the cause, directed to the clerk of the Court of Common Pleas, ^Hamilton County, State of Ohio, Division of Domestic Relations, in which order it was directed that said cause be dismissed upon the payment of the court costs by the defendant, or either of them; and, further, the order contained the statement that the plaintiff waived and released the answer or answers to said suit by either or all of said defendants and directed that the property attached by virtue of said suit be released without any charge or claim or lien against it. The agreement in reference to 'the settlement between the parties appears to have been made on the 12th day of November, 1917. The order of the plaintiff directing the dismissal of the suit was signed on the 15th day of November, 1917.
'The motion for the allowance of counsel fees, as set forth in said motion, can be granted only upon the theory that the court has general equitable jurisdiction in alimony cases. In *275 some of the eases cited by the counsel for the plaintiff it appears that the courts have held that they possessed this power. In the case of Griffin v. Griffin, 47 N. Y., 137, in which counsel fees were allowed, it is said in the opinion that:
“This has not.been done on the theory that the court of chancery of this state was vested with the jurisdiction of the ecclesiastical courts of England in matrimonial cases, or that (except in special cases hereinafter referred to) it ever possessed any jurisdiction in eases of divorce other than that which was conferred by our own statutes; but upon the ground of the general equitable ffimsdiction of the court and also that when our statutes conferred the jurisdiction upon the court of chancery, in those actions for divorce which by the English law are solely cognizable in the ecclesiastical courts, the grant of that jurisdiction carried with it by implioation the incidental powers to its proper exercise and is in conflict with our statutory regulations on the same subject. In some of the other states a different doctrine prevails.”
It will be found that practically all of the other eases cited by counsel in support of the allowance of attorney fees are based upon the same principle as the above mentioned New York ease.
We find that in Ohio the doctrine, that the court in alimony cases has general equity jurisdiction, does not prevail. In the ease of DeWitt v. DeWitt, 67 O. S., 340, the Supreme Court has discussed this subject so fully and completely that it is superfluous to repeat that which is said in the opinion in this ease. It is now clear that in this state the court, in suits for alimony, “does not exercise general equity jurisdiction, but is controlled by the statutes, and is authorized to exercise such power as that expressly given and such as is necessary to make effective its orders and decrees thus made,” such as injunctions to the disposition of property pending the cause, and to prevent action by the defendant which might render nugatory a decree favoring the plaintiff. We must turn to the statutes to ascertain just what powers are prescribed.
It will be observed in reading the DeWitt case that it is in direct contradiction to the theory as set forth in the case of Griffin v. Griffin, 47 N. Y., 137, and to the principles mentioned by Mr. Nelson in his admirable work on the “Law of Divorce *276 and Adjustment of Property Rights.” All the cases allowing fees in actions analogous to the present case recognize the principle of general equity jurisdiction in divorce and alimony matters, which is repudiated and denied by the courts of this state.
Counsel for the plaintiff further contend that such allowance of attorney fees should -be made upon the principle ex necessitate, or that the husband is bound to provide his wife with necessaries. A number of decisions are cited to sustain this contention. We find, however, that in Ohio these questions, too, have been adjudicated, and in the cases of Dorsey v. Goodenow, Wright’s Reports, 120, and Karsh v. Bacciocco, 18 Circuit Court, ,251, it is held that attorney fees for services rendered to the wife in a suit for divorce and alimony against her husband are not such necessaries for which the husband is liable. The discussion, however, of the attorney fees being for necessaries is foreign to the consideration of the present case. In this cause it is ashed that the attorney fees be allowed in an alimony case, while in all the cases in which attorney fees are considered necessaries are actions at law and in proceedings other than divorce or alimony cases.
The allowance of attorney fees being controlled expressly by the statute, we turn to Section 11994 of the General Code, which provides that:
“On notice to the opposite party of the time and place of the application, the court, or judge thereof in vacation, may grant alimony to either of the parties for his or her sustenance and expenses during the suit, and allowance for the support of minor children dependent upon either of them for support and not provided for by such party during the pendency of the action for divorce, or alimony alone.”
There is no provision in the code for the allowance of attorney fees to a party. It has been held, however, that attorney fees are such expenses as may be allowed the plaintiff during the suit. It has further been held by all text-book writers and informally by the decisions of the various states, that attorney fees can not be made payable to the attorney, 'but must be incorporated in the expenses of the plaintiff and paid directly to her. The provisions of the statute are clear that the allowance of expenses during the suit are for the benefit of the party, and *277 not of the counsel for the party. 'The decisions are comparatively uniform to the effect that, if the party is able and has the means to prosecute the suit, no expense so far as attorney fees are concerned can be allowed. In the cuse at bar there is no application on the part of the party for the allowance of expenses during her suit, and there being no other provision of the statute granting the power to allow attorney fees, the court is without authority to make such allowance, and not having general equity jurisdiction the same can not be allowed irrespective of the statute.
It is contended by counsel for the plaintiff that the court has the power to protect attorneys and parties from the fraudulent acts of the opposing party. There are many cases in which this is true, but such cases are not those brought by virtue of the divorce and alimony acts, which confer certain express powers, and no others. In the present case it is not claimed .that the attorneys have been defrauded, other than that the plaintiff and defendant settled the case without their knowledge and consent. The court is asked to allow fees directly to the attorney for the plaintiff upon the ground that the court has inherent jurisdiction similar to that possessed by equity courts. In view of the Ohio decisions above mentioned, the court is of the opinion that it does not possess this power, and therefore the order and .application for the allowance of attorney fees must be rejected. In the case of Reynolds v. Reynolds, 67 Cal., 176, while the court does not discuss fully the principle of equity jurisdiction, the decision supports the view herein expressed. The syllabus is as follows:
“If pending an action for divorce the parties thereto admit a condonation and ask that the action be dismissed the court should order a dismissal and thereafter the husband can not be compelled to pay the counsel fees of the wife.”
In the opinion the court further says:
‘‘ When the husband and wife forgave and were forgiven and abandoned their criminations and recriminations, the attorneys had but to gather up their briefs and retire. The court should have at once dismissed the case and made no further order in it. McCullough v. Murphy, 45 Ill., 258; Newman v. Newman, 69 Ill., 169; Persons v. Persons, 7 Humph., 183.
*278 “Section 137 of tbe Civil Code authorizes the court to require during the pendency of the action the payment by the husband of any money necessary for the prosecution of the action. When the wife in open court admits the condonation and asks that the action be dismissed, as she no longer has an action to be prosecuted, it is not necessary that any money be paid for its prosecution. ’ ’
The court being of the opinion that it does not possess general equity powers in divorce and alimony eases, and that it must strictly follow the statute in reference to the allowance of attorney fees, and that the statute allowing alimony does not include attorney fees, such as are requested by the .attorneys in the present contention, the order for the allowance of attorney fees is denied, and the motion filed by the defendant for dismissal is granted. Entries may be prepared accordingly.