[Civ. No. 8116. Second Appellate District, Division Two.—February 6, 1934.]

WILLIAM I. PIERCE et al., Respondents, v. ANTON RILOVICH, Appellant.

J. L. Murphey and Louis Luckel for Appellant.

Pierce and Gould and E. S. Gardner for Respondents.

CRAIG, J.—In an action for attorneys' fees alleged to have been earned, judgment was rendered upon a verdict in favor of the plaintiffs, from which judgment the defendant appealed.

At a stage of certain litigation theretofore commenced, the appellant in June, 1926, entered into a contract in writing employing the respondents to "attempt to enforce a contract for supplying water to his land in Ventura County, made by S. L. Stuart and Martha A. Stuart, either through an action already commenced or by other proceedings as may be found best, or possibly other case or cases". Said contract was set forth in the complaint herein, which alleged that said litigation had been prosecuted through trials of questions of law and to the perfection of appeal. Since the trial of the instant case said pleadings have been approved by the Supreme Court with directions that the demurrer be overruled.

Respondents prayed reasonable fees to the date of their discharge. Admitting the employment and subsequent discharge, the answer dilated at length upon the plight of the defendant client in which neighbors manifested pity because of his enforced abstention from agricultural pursuits through lack of water, and denied that the employment had been terminated without just cause. It was further alleged that "said plaintiffs well knew that it was their duty to have said appeal advanced for hearing, in order that this defendant might obtain a judgment therein, ascertaining his rights in the premises; but that they wholly neglected such effort; and that defendant has suffered great damage and injury by

reason of such failure and neglect on their part''; that ''the hearing of said appeal has been unnecessarily delayed, and defendant charges that the said plaintiffs have been negligent, and have not acted with sufficient care in the premises''. By an amendment it was alleged that because of his inexperience in legal matters and of ill health the defendant entered into an unreasonable and void contract to pay excessive fees. Neither the answer nor the evidence offered tended to reveal disapproval of said contract or services prior to completion of the record on appeal to the Supreme Court. .

▆ Objection was made to the introduction of any evidence upon the ground that the complaint herein failed to state a cause of action, but that if it did state one the suit was prematurely instituted. As to the last point, no reason or authority is advanced. That respondents did not allege full performance of a contract admittedly terminated by appellant, nor await final results of the efforts of other counsel and possibly the running of the statute of limitations to demand compensation for work accomplished, cannot bar a suit for reasonable fees for such work.

▆ The only discernible question of serious import appropriately headed as required by the rules, is presented under the ''law of the case'' in the appellant's brief, wherein is quoted section 457 of the Code of Civil Procedure, which relates to pleading conditions precedent and requiring that parties allege that they ''duly performed all the conditions''. It is insisted that ''nowhere in the complaint is there a statement that complies with this section; they do not show that they complied in any way with the contract''. The said section provides that such an allegation may be in general terms. We think the complaint sufficient in this regard. It was alleged that said attorneys were employed to conduct the litigation described, and that as the defendant's sole attorneys they ''prosecuted said action diligently, assiduously, carefully and with reasonable skill and great labor and did all and everything that could or might or ought to be done properly and/or effectively in behalf of said Anton Rilovich as plaintiff in said action to secure water for his said lands, to enforce said contract made by the said Stuarts and to obtain damages sustained by said Rilovich'', etc.; and that ''Anton Rilovich without any reason therefor vio-

lated his said contract of employment of these plaintiffs
. . . and discharged them as his said attorneys from further
connection with said cause or proceedings and notified them
that he had secured and hired another attorney to care for
his said case''. Of course, failure to perform the contract
after having been discharged could not defeat a right to
recover reasonable fees for services rendered before the
discharge and at the instance of the defendant, and obviously
in such a case full performance could not have been truth-
fully alleged. To state the facts alone renders absurd any
contention that the right to recovery requires a showing of
complete performance. It was for the court and jury
to believe or to disbelieve evidence tending to show that coun-
sel had exercised a wise and judicious discretion with such
reasonable dispatch as was permitted by the circumstances,
and that they had been discharged and their contract can-
celed without legal justification. Though the appellant per-
chance be, as portrayed in his briefs, ''a Spartan, rich in the
glory of Thermopylae'', it still remained to be determined
whether the respondents rendered legal services for which
they should receive reasonable fees, and if so the amount
thereof. Much discussion is devoted to *Jackson* v. *Campbell*,
66 Cal. App. Dec. 1009 [3 Pac. (2d) 375]; Id., 215 Cal.
.103 [8 Pac. (2d) 845]. Since the appeal was transferred to
the Supreme Court we direct our attention only to its
opinion. It there held that the contract under considera-
tion, which was construed as providing for an attorney's
fee of thirty-five per cent of the amount of recovery, was
valid, and upheld the judgment of the superior court there-
for. This authority is not in point on any issue here in-
volved.

Cases cited wherein contracts of employment were obtained
by undue influence of attorneys over clients, or by fraud or
imposition, or where the compensation was clearly excessive
and amounting to extortion are not of assistance in determin-
ing the value of services rendered when the contract no
longer exists. There was no evidence of undue influence,
fraud or imposition tending to induce the employment here in
question. While it is asserted that the appellant did not
have a fair trial, we find no justification for the charge.
It must be presumed that the jury were unbiased and in view
of the verdict, that they were honest in believing testimony

that the plaintiffs devoted their exclusive time during fifteen months to the defendant's cause, and that their efforts were put forth in good faith with reasonable diligence and skill toward expected successful results. That these are questions of fact for the jury has repeatedly been held settled law. (6 Cor. Jur., p. 764, sec. 357; *Tasker* v. *Cochrane,* 94 Cal. App. 361 [271 Pac. 503].) Criticisms and belittling statements concerning opposing counsel, interspersed with terse but immaterial quotations from bards and wise-cracking wags, which make up a considerable part of the appellant's briefs do not aid us. Self-styled ''comments'' upon asserted inexperience and want of enterprise of counsel, plaintiffs herein, disparagement of their professional standing, and discredit of the sincerity of superior court judges who ruled upon the pleadings are, to characterize such language mildly, unworthy and ineffective methods of briefing. The only questions of concern to the court are as to the existence of the employment of and the rendition of services by the respondents herein. These were entirely for the jury and the trial court to decide. It is not necessary to dwell upon the reasonableness of the award by the jury of $1,000 to the plaintiff attorneys, since appellant concedes that aside from questions which we have considered ''the jury could have very well given the amount in considering the terms of the contract, whether void or not, and could follow, and would naturally be impressed and controlled by the evidence of Judge Rogers''. Since the contract of employment first made was, by the parties, removed from the transaction, no opinion as to its sufficiency need be or is expressed. ■ Upon the whole record the verdict and judgment must as a matter of law be held sufficiently supported by substantial evidence and not excessive or erroneous.

The judgment is affirmed.

Stephens, P. J., and Archbald, J., pro tem., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 8, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 5, 1934.

Curtis, J., and Preston, J., dissented.