[Civ. No. 11135. Second Appellate District, Division Two.—March 30, 1937.]

WM. H. NEBLETT et al., Appellants, v. HELEN ANN RORK GETTY et al., Respondents.

Wm. H. Neblett, R. Dean Warner and John G. Sobieski, *in pro. per.,* and Harry W. Dudley for Appellants.

W. I. Gilbert, W. I. Gilbert, Jr., and Dockweiler & Dockweiler for Respondents.

CRAIL, P. J.—This is an appeal by the plaintiffs from a judgment entered after a directed verdict. Viewing the evidence in the light most favorable to the plaintiffs, disregarding conflicting evidence, giving plaintiffs' evidence all the value to which it is legally entitled, and indulging every legitimate inference which may be drawn therefrom (*Mairo* v. *Yellow Cab Co.;* 208 Cal. 350 [281 Pac. 66]), the following is a statement of the case:

On April 1, 1935, Helen Ann Rork Getty, one of the defendants, hereinafter called the wife, called on plaintiffs and asked them to represent her as her attorneys in the marital difficulties between herself and her husband, Jean Paul Getty. Plaintiffs represented her from that date to September 17, 1935, and during that period devoted themselves to conferences, the gathering of evidence, the preparation of pleadings and to court appearances for the protection of the rights of the wife and her two children. Conferences were held by plaintiffs with the attorneys for the husband, both in Los Angeles and in New York. Finally, Mrs. Getty instructed plaintiffs to file in California a complaint for divorce, which was done on May 27, 1935. The husband was not within the jurisdiction of the state, but the wife alleged in her complaint that certain corporations were the *alter egos* of the husband and joined them as defendants, and alleged that they were the mere instrumentalities or conduits through which the husband held the property belonging to the community and conducted the husband's business, and that said corporations were therefore obligated for support and maintenance and attorneys' fees and costs pending the determination of the divorce action. All of the corporate defendants answered to the complaint for divorce.

From time to time orders to show cause were issued by the trial court against the defendant corporations with regard to maintenance. Hearings were had and orders made requiring the corporations to pay certain sums for the support and maintenance of the wife and children. A total of $13,000 attorneys' fees and $4,500 costs was so ordered to be paid under section 137 of the Civil Code and was paid by one of the alleged *alter egos* to the wife. Just before the time set for the hearing of another application by the wife for $200,000 attorneys' fees and costs, the defendant cor-

porations obtained a continuance of the hearing, and before the adjourned hearing the wife insisted that the plaintiffs voluntarily sign a substitution of attorneys in the divorce action substituting themselves out of the case. The plaintiffs refused to sign such substitution and the wife discharged the plaintiffs and obtained an order of substitution from the court.

Thereupon plaintiffs instituted the instant suit against the wife, the husband and the same *alter ego* corporations for the reasonable value of plaintiffs' services rendered to the wife in the divorce litigation, alleging them to be worth $100,000, of which $13,000 had been paid. The amended complaint upon which the action went to trial set out a cause of action against all defendants for breach of contract for attorneys' fees, an action in tort for having induced the wife to discharge plaintiffs for the purpose of depriving them of their fees, and also common counts for money had and received and for services rendered. All of the defendants, except the husband, were served and filed answers. The suit was brought to trial before a jury upon the amended complaint minus certain allegations which were stricken and which will hereafter be referred to more particularly. After a protracted hearing the trial court directed a verdict in favor of all defendants and entered judgment thereon.

The principal contention between the parties is whether there was a contract of employment between the plaintiffs and the wife. At the time the wife took up with the plaintiffs the matter of their employment, the following conversation relative to their fees was had: "She said she had definitely made up her mind to sue Paul for divorce—she called Mr. Getty 'Paul'. She said, 'What will I do about financial arrangements? I have no money. I can't promise to pay you anything for your work, because I haven't anything except what I have with my husband or what my husband has, and therefore what you get out of this case you will have to get the court to allow you. I have nothing to pay you.'" Pursuant to this conversation, plaintiffs proceeded with their duties as her attorneys in the divorce action and also obtained orders for the sums, hereinbefore referred to, which she turned over to the plaintiffs. In our view there was substantial evidence of an agreement upon the part of the wife to employ the plaintiffs as her attorneys,

a contract under the terms of which plaintiffs were to receive for their services such sums as they could obtain through orders of the court under section 137 of the Civil Code.

In the case of *Boardman* v. *Christin,* 65 Cal. App. 413, 418 [224 Pac. 97], the court adopts with approval the following language from section 2253 of Mechem on Agency (vol. 2, 2d ed.) : ''An attorney who is retained generally to conduct a legal proceeding is presumed, in the absence of anything to indicate a contrary intent, to enter into an entire contract to conduct the proceeding to its termination.'' There was nothing in the contract between plaintiffs and the wife tending to show that the parties intended any departure from this general presumption. There is substantial evidence then to sustain the contention that the contract was that the plaintiffs should represent the wife in her marital difficulties to final judgment or to the conclusion of the action, whatever it might be. ██ Her act in discharging them had the effect of depriving them of their opportunity to fulfill their part of the contract. The complete performance of the services by the plaintiffs was prevented. So far as the divorce action was concerned, ''the attorneys had but to gather up their briefs and retire''. (*Reynolds* v. *Reynolds,* 67 Cal. 176 [7 Pac. 480].) The wife had the power to discharge the plaintiffs as her attorneys under section 2356 of the Civil Code, but this power thus to terminate the relationship must not be confused with the *right* to do so. She had accepted the benefit of their services. If the wife without justifiable grounds prevented the completion of the plaintiffs' services by discharging them, she would be liable to the plaintiffs for the reasonable value of the services rendered by them down to the date of their discharge. (*Ayres* v. *Lipschutz,* 68 Cal. App. 134 [228 Pac. 720] ; *Pierce* v. *Rilovich,* 136 Cal. App. 611 [29 Pac. (2d) 228] ; *Stuart* v. *Preston,* 2 Cal. App. (2d) 310 [38 Pac. (2d) 155].)

It was intended by both parties to the contract that plaintiffs would be paid for their services. True it was agreed that this compensation should come from the husband in the divorce action through orders of the court, but the wife by discharging her attorneys just before her application for fees came on for hearing deprived the plaintiffs of the opportunity to receive their compensation in the manner con-

templated in the contract. What was the reasonable value of their services, if any, was a question of fact which should have been submitted to the jury in the customary manner upon all the facts and circumstances in evidence bearing upon the question.

The defendants argue that the evidence absolutely negatives any idea of a contract and on the same page contend that "there is a clear understanding and meeting of the minds that this respondent was to pay nothing". It is not a sufficient answer to say that under the terms of the original contract the wife was not to pay the attorneys out of her own funds. In case of discharge and breach of contract, the innocent party is not required to rely upon the terms of the original contract. "It is well settled that one who is wrongfully discharged and prevented from further performance of his contract may elect as a general rule to treat the contract as rescinded, may sue upon a *quantum meruit* as if the special contract of employment had never been made and may recover the reasonable value of the services performed even though such reasonable value exceeds the contract price." (Citing cases.) (*Lessing* v. *Gibbons*, 6 Cal. App. (2d) 598, 607 [45 Pac. (2d) 258].) Obviously, therefore, the jury should not have been instructed to return a verdict against the plaintiffs; and the judgment as to defendant Helen Ann Rork Getty must be reversed.

The plaintiffs make contentions for a reversal of the judgment as to the corporate defendants upon the ground that the court struck certain allegations from the amended complaint, and upon the ground that it excluded testimony of the *alter ego* character of the corporate defendants. We find no merit in these contentions. Plaintiffs also contend that there is evidence of a contract between the husband and wife whereby the husband agreed to pay attorneys' fees to plaintiffs. But the husband was not served with summons and did not appear in the action.

The judgment as to Helen Ann Rork Getty is reversed and the judgment as to the corporate defendants is affirmed.

Wood, J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 23, 1937, and an appli-

cation by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1937.