[L. A. No. 16690.   In Bank.—November 28, 1938.]

B. W. McMANUS, Respondent, v. REGINA B. MONTGOM-
ERY, Appellant.

W. L. Baugh, Jr., Roy L. Herndon, and Meserve, Mumper, Hughes & Robertson for Appellant.

Irvin C. Louis, H. B. Pool and Mildred Gilmore for Respondent.

Courtney A. Teel, as *Amicus Curiae*, on Behalf of Respondent.

SEAWELL, J.—This is an action by an assignee for collection to recover the reasonable value of legal services rendered for defendant herein in a separate maintenance action wherein a decree was rendered in her favor. The present action also includes the claim of a detective agency, assigned to plaintiff, for services performed in connection with the action. The legal services in question were performed by three attorneys. The court gave judgment for plaintiff herein, assignee of said attorneys and of the detective agency, for

$2,185.28, consisting of attorneys' fees in the amount of $2,000, less $250 paid on account, expenses incurred by the attorneys in connection with the separate maintenance action in the amount of $287, and $148.28 for services rendered by the detective agency. On this appeal by defendant no question is raised as to this item of $148.28.

Before trial of the separate maintenance action the court made an order against the husband allowing the wife $250 on account of attorneys' fees, payable forthwith, and $250 for costs of suit, $50 of which was payable forthwith, and the balance as required. The judgment, rendered on September 3, 1936, made a further allowance to the wife of $400 "for and as attorneys' fees for the prosecution and maintenance of this action until the entry of judgment". Until August 27, 1937, when section 137.5, Civil Code, went into effect, the allowance of attorneys' fees against the husband was required to be made to the wife, rather than directly to the attorney. (*Keck* v. *Keck*, 219 Cal. 316 [26 Pac. (2d) 300]; *Stevens* v. *Stevens*, 215 Cal. 702 [12 Pac. (2d) 432].)

Mrs. Montgomery alleged in her complaint for separate maintenance that there was community property of the value of approximately $50,000, in the exclusive control of her husband; that he earned approximately $18,000 a year from the practice of law; and that she was without funds to support herself or to pay costs, expenses and attorneys' fees to prosecute the action. This complaint was prepared by the attorneys whose claim for compensation is the subject of the present action.

At the conclusion of the trial of the separate maintenance action, after Mrs. Montgomery's attorneys had asked the court to make a further allowance for attorneys' fees, the attorney for Mr. Montgomery asked Mrs. Montgomery the following questions:

"Q. Mrs. Montgomery have you made any agreement with your counsel in effect that you would pay them for their services out of any property that might be assigned to you in this case by the Court? A. No.

"Q. Have you made any agreement with them in regard to counsel fees? A. No.

"Q. Have you obligated yourself to them in any manner, form or in any way, to pay them any attorneys' fees. A. No. That was never discussed at all."

Mrs. Montgomery's attorneys were present when this testimony was given. It appears therefrom that Mrs. Montgomery understood that her attorneys were to look to the court's allowance as the measure of their compensation. Her testimony, given in the presence of her counsel, and with their acquiescence, constituted a representation by her and by her counsel to the court that no agreement existed for payment by her of any fee for legal services except such as the court should allow in the separate maintenance action. Her attorneys remained silent, without any attempt through statement to the court or examination of their client to refute the testimony above quoted.

■ The purpose of the court in making provision for attorneys' fees in the judgment was to allow the full reasonable value of legal services to the "entry of judgment". The amount of $400 was fixed at the rate of $100 a day for the four days of trial, including preparatory work not covered by the original allowance of $250. Having sought an allowance for the full reasonable value of their services at the conclusion of the trial, and having obtained such an allowance upon the representation made to the court, through testimony of their client, that no independent contract existed for payment of a fee, said attorneys are estopped now to contend that their client is indebted to them in an amount exceeding the sum allowed by the court in the maintenance action. To permit recovery of a larger amount would constitute a fraud upon the court and upon their client. (*Theisen* v. *Keough*, 115 Cal. App. 353 [1 Pac. (2d) 1015].)

■ Furthermore, without regard to the above testimony given in the separate maintenance action, the testimony in the present action is insufficient to support a finding that Mrs. Montgomery could be held for a fee for legal services exceeding the amount allowed by the court in the separate maintenance action. The testimony given in the present action by Mr. Pool, one of Mrs. Montgomery's three attorneys, as to their employment by Mrs. Montgomery is summarized in the bill of exceptions, with the statement that the other two attorneys testified to the same facts. We quote the summary of Mr. Pool's testimony:

"At the time Mr. Louis, Miss Gilmore and himself were originally retained by Mrs. Montgomery to prosecute her action for separate maintenance in Santa Barbara Superior

Court, Mrs. Montgomery asked what the attorneys' fees would be to complete the service and Mr. Pool told her that they could not estimate the fee until the services were completed, as it was too uncertain as to what would have to be done, but that the fee would be a reasonable one and that Mrs. Montgomery would also have to pay for all expenses incurred by the attorneys in their trips between Los Angeles and Santa Barbara and that they would procure an order to show cause against Mr. Montgomery.''

It appears from the above testimony that it was agreed from the first that an allowance of attorneys' fees would be sought against the husband on an order to show cause. Mrs. Montgomery was without funds to support herself, or pay fees, as alleged in the complaint prepared by said attorneys. They thereafter sought and obtained an allowance based on the full reasonable value of their services. They cannot now contend that under the terms of their employment, as testified to above, a contract to pay them an amount exceeding the allowance made by the court will be implied. By their conduct they adopted this means of fixing the amount of the ''reasonable fee'' they were to receive.

The decision in *Neblett* v. *Getty*, 20 Cal. App. (2d) 65 [66 Pac. (2d) 473], is not controlling herein. In that case the attorneys were wrongfully discharged just before an application for a second allowance of attorney's fees was to come on for hearing, with the result that said allowance was not made. Upon their wrongful discharge they were entitled to sue in *quantum meruit* for the reasonable value of their services to the extent that they had not been compensated by the first allowance of the court. In the instant case the attorneys withdrew after preparing findings, but before filing of findings and judgment, apparently for the reason that they had incurred expenses for which Mrs. Montgomery had not reimbursed them. However, they knew that she was without funds to support herself or pay fees or costs, as alleged in the complaint prepared by them. The court heard their application for attorneys' fees and provided for all services to the entry of judgment.

In the instant case the court allowed plaintiff $287 for expenses other than court costs incurred in the separate maintenance action, including a considerable number of trips by the three attorneys from Los Angeles to Santa Barbara,

where the Montgomerys resided and the maintenance action was tried. The evidence supports the finding that it had been agreed between Mrs. Montgomery and said attorneys that she was to pay these expenses, as well as for legal services in the amount fixed by the court in the separate maintenance action. On this appeal defendant raised no question as to the additional amount of $148.28 provided in the judgment herein for the claim of the detective agency, assigned to plaintiff.

It was stipulated in the present action that defendant Mrs. Montgomery had not received any part of the sum of $400 allowed as attorneys' fees in the separate maintenance action. This sum is not due from Mrs. Montgomery to her attorneys until receipt thereof from her husband.

The judgment is hereby reduced to $435.28, including $148-28 for detective services, and $287 for expenses. As thus modified it is affirmed, appellant to recover costs.

Curtis, J., Shenk, J., Edmonds, J. and Waste, C. J., concurred.

Rehearing denied. Houser, J., voted for a rehearing.