[Civ. No. 14108. Second Dist., Div. One. Aug. 11, 1943.]

MARY M. TELANDER, Plaintiff and Respondent, v. TELL MUNSON TELANDER, Defendant and Respondent; WILLIAM ELLIS LADY, Appellant.

William Ellis Lady in pro. per., for Appellant.

Charles M. Johnson for Defendant and Respondent.

WHITE, J.—This is a motion by respondent Tell Munson Telander to dismiss an appeal taken by appellant William Ellis Lady from an order of the Superior Court of Los Angeles County made December 21, 1942, denying his motion for an order fixing and determining compensation to be paid

him for professional services which he as an attorney allegedly rendered to plaintiff in this action, and from the further order of the court granting the motion of plaintiff Mary M. Telander for a substitution of attorneys.

As grounds for his motion respondent urges: (1) That the orders appealed from herein are not appealable orders as contemplated by subdivisions 1 or 2 of section 963 of the Code of Civil Procedure. (2) That the appellant is not an aggrieved party as contemplated by section 938 of the Code of Civil Procedure. (3) That the appellant has no interest in the subject matter of this action or in a contingent fee as contemplated by section 284 of the Code of Civil Procedure or otherwise. (4) That no "final judgment" has been rendered in this action requiring any affirmative act on the part of appellant or otherwise entitling him to bring this appeal. (5) That appellant and respondents stipulated in open court below that the balance of attorneys' fees, if any, (over and above an allowance made by order of court on August 6, 1942) should be fixed and determined at the time of the trial of the above entitled action. (6) That no trial of said action has been had.

Briefly, the factual background here present may be thus epitomized. Prior to July 27, 1942, plaintiff Mary M. Telander employed appellant William Ellis Lady, who is an attorney at law, to institute an action against her husband, defendant herein, for separate maintenance. We think it may fairly be stated that the record shows that attorney Lady's agreement with his client was that he was to obtain his compensation from the defendant husband through appropriate orders to be made by the court in the separate maintenance action. In any event, after the action was commenced, and upon hearing following issuance of an order to show cause re alimony pendente lite and attorney's fees, the court made its order directing defendant husband to pay plaintiff's counsel, appellant herein, the sum of $250 attorney's fees and $50 costs. The order further provided ".by stipulation the balance, if any, to be fixed at the time of trial." Pursuant to the terms of such order, the amounts named therein were paid by defendant husband to appellant. Subsequently the latter's client effected a reconciliation with her husband and they entered into an agreement settling and determining their respective property rights. Following such reconciliation plaintiff wife requested appellant, as her attorney, to dismiss the separate maintenance action. This appellant refused to do, contending

that he was entitled to additional fees for further services allegedly rendered by him in the separate maintenance action as well as in the preparation of the property settlement agreement. Plaintiff wife then engaged the services of another attorney and served upon appellant a notice of motion to substitute such other attorney in place of appellant, pursuant to the provisions of subdivision 2, section 284 of the Code of Civil Procedure. Appellant thereupon served upon both plaintiff wife and defendant husband a notice that he would move the court for an order directing defendant husband to pay him further compensation in addition to the $250 received pursuant to the former court order. Both of the last mentioned motions came on for hearing, following which the court made its order denying appellant Lady's motion for additional fees and granting the motion to substitute appellant out of the case as attorney for plaintiff therein.

Because of our belief that it is determinative of this appeal, we shall first give consideration to respondent's claim that appellant has no interest in the subject matter of the separate maintenance action, or in a contingent fee as contemplated by section 284 of the Code of Civil Procedure; is therefore, not an aggrieved party within the purview of section 938 of the Code of Civil Procedure and consequently is not entitled to appeal from the orders made in the action.

 Regardless of what the rule may be in other jurisdictions, it is the settled rule in this state that under the provisions of section 284 of the Code of Civil Procedure, in the absence of any relation of the attorney to the subject matter of the action, *aside from that arising out of his employment,* the client possesses the right to change attorneys at any stage in the action. The client's interest in the successful and satisfactory prosecution or defense of his cause is paramount to that of the attorney. The former is within his rights in seeking to dissolve the relationship of attorney and client whenever his confidence in either the integrity or the judgment of the attorney ceases (*Gage* v. *Atwater,* 136 Cal. 170, 172 [68 P. 581]). In the case of *Woodbury* v. *Nevada* [*etc.*] *Ry. Co.,* 121 Cal. 165 [53 P. 450], it was said: ''The right of a party to change his attorney of record is conferred by section 284 of the Code of Civil Procedure, and it is only necessary for it to prefer its request for such change in order to justify the court in making an order therefor.'' See, also, *Echlin* v. *Superior Court,* 13 Cal.2d 368, 372 [90 P.2d 63, 124 A.L.R. 719],

in which it was held that the right of a client to change attorneys with or without cause has been characterized as "universal."

Appellant, however, relies upon the well recognized exception to the foregoing rule which provides that the plenary power of a client to discharge his attorney does not exist where the attorney has an interest in the subject matter of the litigation (*O'Connell* v. *Superior Court*, 2 Cal.2d 418, 421 [41 P.2d 334, 97 A.L.R. 918]), but the exception does not apply when the relation of the attorney to the subject matter *arises from his employment*. We think it must be held in the instant case that whatever relation appellant had to the subject matter of the litigation arose solely and alone from and out of his employment. Appellant contends that by the adoption in 1937 of section 137.5 of the Civil Code the attorney was invested with an interest in the subject matter of the litigation when it was provided in said section that in actions of the character here involved the court was empowered to make the attorney's fees allowed payable direct to the attorney. However, we are impressed that whatever "interest" in the subject matter of the litigation was conferred upon the attorney by section 137.5 of the Civil Code, such interest was one that "arises from his employment" and consequently does not impair the rule long recognized in this state that a client may at any time change his attorney in an action (*O'Connell* v. *Superior Court, supra*).

The case of *McManus* v. *Montgomery*, 12 Cal.2d 397 [84 P.2d 787], relied upon by appellant, does not aid him because in that case the attorneys were not wrongfully discharged but withdrew from the case after preparing findings but before the filing of such findings and judgment, and with full knowledge that their client was without funds with which to pay their fees; and the court upon application of the attorneys provided for their fees up to the time of entry of judgment. The case of *Neblett* v. *Getty*, 20 Cal.App.2d 65 [66 P. 2d 473], because of the similarity of facts with the case at bar, is controlling herein.

By reason of the foregoing it follows that the appeal herein should be dismissed. It is so ordered.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 6, 1943. Carter, J., and Schauer, J., voted for a hearing.