[Civ. No. 20726.   Second Dist., Div. One.   June 6, 1955.]

ALMA PIERCE, Respondent, v. NATALIE M. KALMUS, Appellant.

Shacknove & Goldman and Ben F. Goldman, Jr., for Appellant.

Maurice Schulman and Frank Alef for Respondent.

DRAPEAU, J.—Plaintiff is the assignee of a claim for legal services, and for $929.95 costs and expenses advanced by the assignors. Pursuant to their employment, the attorneys spent six months on the case, made extensive investigations, prepared a complaint for separate maintenance and an order to show cause, and negotiated a compromise agreement with defendant's husband whereby he would pay her $20,000 a year for life, and would also give her a home of her own for life.

When counsel presented this agreement to defendant she refused to sign it, charged them with bad faith, and discharged them. Since then she has not paid anything on their bill, even for the money they advanced for her.

The trial court found and adjudged that defendant pay counsel fees, fixed at $10,000, and the advanced costs, $929.95. Defendant appeals from the judgment.

In support of her appeal she argues:

1. That the findings and the judgment are not supported by the evidence;

2. That where there was an express agreement between the parties that no payment was to be made there can be no implied agreement;

3. That where there is an agreement to pay out of a particular fund, there can be no recovery without proof that funds became available from such funds or source;

4. That an attorney cannot refuse to continue with a domestic relations matter and then seek to recover in *quantum meruit* for services rendered to the date of his withdrawal; and

5. That she had a right to dismiss counsel because of their insistence that she enter into what she considered an unfair and inequitable contract.

In *Kalmus* v. *Kalmus,* 103 Cal.App.2d 405 [230 P.2d 57], this court had occasion to go carefully through the many ramifications of the litigation between this woman and her husband. These are set forth at length in the opinion in that

case. Suffice it to say here that when she got through with her litigation she got nothing; and would have been better off if she had taken the compromise worked out for her by her attorneys in this case.

There is no merit in any of defendant's several defenses. Substantial evidence in the record abundantly sustains the findings of the trial court. ██ There was an implied agreement on her part to pay for the services and advances of her counsel. No agreement in so many words is necessary in such circumstances. (*Neblett* v. *Getty*, 20 Cal.App.2d 65 [66 P.2d 473].) And there was substantial evidence to support the finding that there was no agreement by counsel that if they were not paid by defendant's husband they would get nothing.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied July 5, 1955.