[Civ. No. 21756. Second Dist. Div. One. Apr. 22, 1957.]

MARION B. GIDEON, Respondent, v. GEORGE D. GIDEON III, Appellant.

George D. Gideon III, in pro. per., for Appellant.

Hahn, Ross & Saunders for Respondent.

FOURT, J.—The notice of appeal in this matter states in substance that George Gideon III, the defendant and appellant, hereinafter referred to as the husband, appeals from an order made in the superior court on March 3, 1955, which in effect modified an order previously made for an allowance of attorney's fees to Marion B. Gideon, the plaintiff and respondent, hereinafter referred to as the wife, and from an order made on July 7, 1955, which in effect denied an application of the husband to quash the execution which had been issued. The effort to appeal from the March 3, 1955, order has been abandoned, and the cause now pertains only to the July 7, 1955, order.

A résumé of the facts is as follows: The wife brought an action in divorce against the husband, on or about November 13, 1953. As a part of the proceedings, she filed an order to show cause and an affidavit in *re* attorney's fees and costs. The order to show cause was heard on November 20, 1953, and among other things, the husband was "ordered to pay forthwith direct to counsel for each of the parties $275 attorney's fees, on account and $39 costs, each." The case ultimately proceeded to trial, and an interlocutory judgment of divorce was granted the wife on November 24, 1954. The interlocutory decree provided, among other things:

"It is FURTHER ORDERED, ADJUDGED AND DECREED that defendant pay forthwith to GERTRUDE LaVOIE ELLIOTT, attorney for plaintiff, the sum of $200.00 for attorney's fees, plus $51.05 for court costs, these sums being in addition to the $275.00 attorney's fees and $39.55 court costs heretofore ordered."

A notice of intention to move for a new trial was filed by the husband on December 10, 1954, and the motion was heard on January 20, 1955, and granted January 24, 1955. The order granting the new trial set forth that the affidavits which had been filed did not show any irregularities in the proceedings, as was claimed by the husband, but, that the court had failed to find on material issues raised by the answer of the husband in reference to provocation and recrimination, and the motion for a new trial was granted upon such grounds. Thereafter, on February 11, 1955, the wife filed an "order to show cause and affidavit in *re* modification of original order for further attorney's fees and further court costs." The affi-

davit of the wife in connection with the latter proceeding showed her necessity and the husband's ample ability to respond to any reasonable order. The affidavit of the wife's attorney in connection with the application showed that the trial had consumed two and one-half days; that many affidavits were prepared by such attorney in preparation for the motion for new trial proceedings; that such attorney appeared and argued at the motion for a new trial proceeding, and further that no part of the $200 ordered by the trial judge in the interlocutory judgment of divorce had been paid, and that no part of the costs so ordered had been paid. The attorney then set forth certain expenditures in time and money which had been made in taking depositions and the like, interviewing witnesses and other proceedings, for which the attorney was not compensated in any previous order. The affidavit further set forth that the husband had, up to that time, paid one attorney $275, another attorney $275, and substantially the same amount to still another, or a total of $825 to his various counsel. The attorney for the wife set forth that she had performed 42 hours of legal work and consultations, excluding and apart from the 40 hours spent in preparation and in trying the contested matter on May 28, 1954. This order to show cause was set for hearing March 3, 1955. On the date the matter was to be heard the husband filed a notice of motion for a continuance based upon certain affidavits. Among the matters set forth in the affidavits were statements by the husband that the wife's attorney had guided the wife to introduce false testimony in the trial, that he had not had time to prepare a defense on the order to show cause and that there was a lack of good faith upon the part of the wife. The continuance was not granted and the matter proceeded to a hearing before a commissioner. The commissioner found as a fact that there was no showing in the record that the attorney for the plaintiff "had knowingly participated to the defendant's injury in the plaintiff's wrongful and inequitable conduct in connection with the suit." It was further found that the husband paid his attorneys $1,100 plus costs to date, and that he had no agreement with his then attorney as to future fees, and that he had ample ability to pay added fees to the wife's attorney. It was then recommended by the commissioner, and so ordered by the court on March 3, 1955, that the husband pay to the attorney for the wife $300 on account of attorney's fees, and that the balance of attorney's fees and court costs, if any, be fixed at the time of trial. The order was filed and entered on March 7, 1955.

The husband paid no part of said order for attorney's fees and costs, and a writ of execution issued. On June 30, 1955, the husband filed a "Notice of Motion to Quash Executions and for Order Declaring Prior Order Void." By stipulation, the hearing on such motion was continued to the time of the second trial, and transferred to the trial department. The second trial was had on July 6 and 7, 1955.

On July 7, 1955, an interlocutory decree of divorce was granted the wife wherein the husband was ordered to pay the wife's attorney fees in the sum of $1,250, and $267.64 costs, and the motion of the husband to quash the execution was denied.

The appeal here is from the order denying the motion to quash the execution, and denying the motion for an order declaring void the prior order of March 3, 1955.

It may be noted that only a copy of the minute entry of the court of July 7, 1955, denying the motion to quash is before us and that the husband, acting as his own attorney, has not provided us with a copy of the judgment, or of any written order made by the judge in that matter. The husband, acting as his own attorney, petitioned for a writ of review in this court, which was denied July 27, 1955. Thereafter, on September 1, 1955, the husband filed a notice of appeal.

The husband contends that the court did not have the authority to modify a pendente lite order for attorney's fees after an interlocutory judgment, which had itself been vacated by an order granting a motion for a new trial, because the temporary order became merged in the interlocutory judgment, and when the judgment was set aside, the temporary order went with it. Further, that where the record shows that the new trial was granted because the findings of fact were insufficient to support the judgment, the court does not have the authority to order the husband to pay attorney's fees to the wife to the end that she can have legal services in an attempt to obtain a new judgment in a second trial, and further, that where there is an affidavit of misconduct of the wife's attorney, the court has no authority to make an order of attorney's fees until the matter of the so-called misconduct is determined.

We are of the opinion that a reading of the statute itself demonstrates that the court had the power to make the order it made in this instance. Section 137.3 of the Civil Code is set forth in a footnote hereto[1]. The action for divorce was

---

[1] "§ 137.3 [Cost of maintaining or defending action and attorney fees during pendency of action: Enforcement of order.] During the pendency

certainly pending during all of the time in question, and although the husband puts great reliance on the phrase ''and before entry of judgment,'' we do not believe that under the circumstances, the Legislature intended that a judgment which has been set aside is the type of judgment referred to in the section. Upon the motion for a new trial being granted the effect was to vacate and set aside the first interlocutory judgment and the parties were right where they were just immediately prior to the start of the first trial. The order for the $200 added attorney's fees and costs in the interlocutory judgment was vacated, but nothing else was stated in the judgment about attorney's fees.

The husband has cited many cases which were decided prior to the 1953 amendment to section 137.3, and so far as we are able to determine, in each instance, the order questioned was one for alimony and not for attorney's fees.

It has been determined repeatedly that the court has the power to modify an order for attorney's fees. (*Warner* v. *Warner*, 34 Cal.2d 838 [215 P.2d 20]; *Glesby* v. *Glesby*, 73 Cal.App.2d 301 [166 P.2d 347].)

Under the law as it presently is, the court can order fees for past services, and from the record here it is indicated that at least part of the fees so ordered were for past services performed by the attorney for the wife, such as preparing the affidavits in opposition to the motion for a new trial, the time expended in taking the deposition and the time consumed in

---

of any action for annulment in which costs and attorney's fees are authorized by Section 87 of this code and of any action for divorce or for separate maintenance, or for the support, maintenance or education of children, upon an order to show cause or motion, and if such relief is requested in the complaint, cross complaint or answer, the court may order the husband or wife, or father or mother, as the case may be, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the action and for attorney's fees; and from time to time and before entry of judgment upon application as aforesaid, the court may augment or modify the original award, if any, for costs and attorney's fees as may be reasonably necessary for the prosecution or defense of the action or any proceeding relating thereto. In respect to services rendered after the entry of judgment, upon application by an order to show cause or motion, the court may award such costs and attorney's fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein, and may thereafter upon application as aforesaid augment or modify any award so made. Attorney's fees and costs within the provisions of this section may be awarded for legal services rendered or costs of action incurred prior, as well as subsequent, to any application or order of court therefor, including services rendered or costs incurred prior to the filing of the complaint. Any such order may be enforced by the court by execution or by such order or orders as, in its discretion, it may from time to time deem necessary.''

consulting with three different sets of attorneys of the husband before the second trial.

There is no court reporter's transcript of the proceedings before the commissioner, and his findings of fact, as heretofore indicated, recite that there is no showing in the record of conduct such as the husband attributed to the wife's attorney. The commissioner and two trial judges have now ruled against the husband on his contention in this respect.

As to the lack of good faith of the wife, the record belies any such assertion upon the part of the defendant. The authorities cited by the husband have to do with good faith in the taking of an appeal, and not as to a proceeding such as is present in this case.

The appeal from the order of March 3, 1955, is dismissed and the order of July 7, 1955, is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied May 20, 1957, and appellant's petition for a hearing by the Supreme Court was denied June 19, 1957.