[Civ. No. 6106.   Fourth Dist.   Aug. 28, 1959.]

JEAN SCHWARTZ, Plaintiff v. WILLIAM B. SCHWARTZ, Respondent; ALLAN LAME et al., Appellants.

Allan Lame and Jay Gralla, in pro. per., for Appellants.

Procopio, Price, Cory & Schwartz and Kenyon C. Keller for Respondent.

SHEPARD, J.—Appellants acted as attorneys for plaintiff in the early stages of an action for divorce in the above entitled action, which action was filed on February 14, 1958. Custody of two minor children and contentions over the division of substantial property, as well as the divorce, were involved. On March 19, 1958, attorney's fees in the amount of $2,500 were awarded to these appellants by a preliminary order which retained jurisdiction in the trial court to augment or modify fees in accordance with the reasonable necessities of the case. At plaintiff's instance, a substitution of attorneys was had on March 27, 1958, and another attorney thereafter acted for plaintiff. On May 28, 1959, defendant husband moved for a modification of attorney's fees alleging *inter alia* that within one week from the date that the order for attorney's fees was obtained, as hereinbefore referred to, plaintiff consulted with and employed another attorney and the substitution of attorneys hereinbefore referred to was signed; that the only services rendered by these appellants were those relating to the preparation, filing and service of complaint and summons, order to show cause and temporary restraining order, affidavits in connection therewith, hearing on said order to show cause, and the written order resulting therefrom; that the only court appearance was on said order to show cause; that a property settlement agreement had been reached between the parties allowing $2,500 attorney's fees to the new attorney; and that adequate compensation for the

attorney services rendered by these appellants up to the time they had been substituted out of the case was in the sum of $1,250, which sum had already been paid by said defendant to these appellants. Appellants thereupon moved the court for additional attorney's fees and for costs and expenses incurred.

After hearing the motions and arguments of counsel the trial court ordered the fees of these appellants reduced to the sum of $1,250, denied appellants' motion for additional attorney's fees, and allowed to them costs expended in the sum of $21.50. From these orders appellants take their appeal.

█ It is argued first that the court exceeded its jurisdiction in reducing the award of attorney fees theretofore made to these appellants. This contention is without merit. *Warner* v. *Warner*, 34 Cal.2d 838, 840, 841 [215 P.2d 20], cited by appellants, is ample authority to contravene appellants' contention. In that case the court reviews many authorities on the subject, and it there says:

". . . After a pendente lite award has been made, the trial court retains jurisdiction to modify the award at any time during the pendency of the action when a change of circumstances occurs that alters the extent of the services required. . . . Should any of the contingencies occur that would preclude rendition of the anticipated services, the trial court could reduce the award to an amount necessary to compensate the attorney for services actually rendered. [Citations.] "

The rules reviewed in the Warner case, *supra,* are followed in *Howard* v. *Howard*, 141 Cal.App.2d 233, 244 [12] [296 P.2d 592] and *Gideon* v. *Gideon*, 150 Cal.App.2d 349, 353 [2] [310 P.2d 90]. In fact, without citation of judicial authority, the wording of Civil Code, section 137.3, is so explicit (". . . from time to time and before entry of judgment . . . the court may augment or modify the original award . . . for costs and attorney's fees") as to hardly require any judicial discussion or interpretation.

█ In analyzing the attorneys' rights regarding orders for fees it must be remembered that the attorney has no direct substantive or proprietary interest in the allowance of attorney's fees made to the wife. His right is only indirect and derivative. (*Weil* v. *Superior Court*, 97 Cal.App.2d 373, 376 [217 P.2d 975].)

As to the expenses referred to, it must again be remembered that the motion was primarily to compel the *husband* to pay an

458

amount necessary to enable the wife to proceed with her action. The court by its order did not *ab initio* adjudicate what the obligation of the wife might be for the attorneys' long distance telephone calls or other expenses, although it may have had in mind for purposes of adjudicating the order against the husband the question of necessity regarding such expenses. Nor is there any showing that the plaintiff herself agreed to or authorized the incurring of such expenses as were disallowed.

█ The appellants next contend that the order was an abuse of the trial court's discretion. This matter comes before us on a clerk's transcript alone, containing only the pleadings, affidavits and orders *in re* support and attorney's fees. The order recites that there was a hearing had at which both sides appeared and were presumptively heard. Such oral proceedings, with statements of counsel and court, are not before us. On the basis of the record before us we cannot say that the trial court's order was outside the pale of reasonable propriety nor that it in any way abused its discretion. The purpose of the original allowance was to provide full reasonable value of legal services, at least up to the time of the entry of judgment. (*McManus* v. *Montgomery,* 12 Cal.2d 397, 400 [2] [84 P.2d 787].) █ The proportionate amount of legal work done up to the time of substitution and to be done thereafter was a matter resting in the sound judicial discretion of the court, and its order will not be disturbed in the absence of a clear abuse of that discretion. We conclude that the record does not show any abuse of discretion in the orders of the trial court which this court is warranted in disturbing.

There is serious question about the right of appellants to maintain this appeal since their interest in the subject-matter of the action is only derivative through their employment as attorneys. (*Telander* v. *Telander,* 60 Cal.App.2d 207 [140 P.2d 204]; *Fields* v. *Potts,* 140 Cal.App.2d 697 [295 P.2d 965].) However, it is always desirable, if possible, to decide an appeal on the merits and since we have concluded that the trial court's orders must be affirmed we have passed on the merits of this appeal.

The motion to dismiss the appeal is denied, and the orders appealed from are affirmed.

Griffin, P. J., and Mussell, J., concurred.